UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JOVAN BROOKSHIRE, )<br>a/k/a JOVAN MICHAEL BROOKSHIRE, )<br>  )<br>Petitioner, )<br>  )<br>V. )<br>  )<br>SANDRA BUTLER, Warden, )<br>  )<br>Respondent. ) | Civil Action No. 6:15-60-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jovan Brookshire is presently confined at the Federal Correctional Institution located in Manchester, Kentucky ("FCI-Manchester"). Proceeding without an attorney, Brookshire has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] He challenges his prison disciplinary conviction at FCI-Manchester, which resulted in the loss of forty-one days of good-time credits. Brookshire seeks an order expunging the disciplinary conviction, reinstating his good-time credits, and awarding money damages representing wages lost from his prison employment.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court, however, evaluates Brookshire's Petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage of the proceedings, the Court accepts Brookshire's factual allegations as true and construes all legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  For the reasons outlined below, the Court will deny the relief sought.

**I.**

Brookshire challenges his 2013 prison disciplinary conviction at FCI-Manchester in which he was found guilty of possession of intoxicants in violation of the Bureau of Prison's ("BOP") Prohibited Act Code ("PAC") 113.[1]  The only information Brookshire has provided regarding his conviction is that it resulted in the forfeiture of forty-one days of good-time credits.  He has not attached a copy of the Incident Report charging him with the institutional violation, nor has he attached a copy of the Report of the Disciplinary Hearing Officer ("DHO"). In fact, the only supporting documentation attached to the Petition is an August 27, 2013, response from C. Eichenlaub, the Regional Director of the BOP's Mid-Atlantic Regional Office ("MARO"), denying Brookshire's BP-10 appeal of his disciplinary conviction.  [Record No. 1-1, p. 1]   In the denial, Eichenlaub listed Brookshire's arguments, which included that: (1) he did not commit the prohibited act; (2) the decision was based on insufficient evidence; (3) he had been the victim of capricious and retaliatory behavior by the reporting officer; and (4) the incident report should be expunged.  [*Id*.]

---

[1] The BOP ranks violations of prison rules by severity, starting with "Greatest Category" (Code Nos. 100-199); then "High Category" (Code Nos. 200-299); then "Moderate Category" (Code Nos. 300-399); and concluding with "Low Moderate Category" (Code Nos. 400-499).  *See* 28 C.F.R. § 541.3(a).  The sanctions applicable to each category of offenses are listed in Table 1 of § 541.3, *Prohibited Acts and Available Sanctions*.

Eichenlaub explained that pursuant to BOP Program Statement 5270.09, *Inmate Discipline Program*, the DHO was required to consider all evidence presented at the hearing, the DHO's decision must be based on at least some facts, and the decision must be based on the greater weight of the evidence where conflicting evidence exists. [*Id.*] Pursuant to those guidelines, the DHO found that Brookshire committed the prohibited act based on the greater weight of the evidence, which included the reporting staff member's depiction of the incident in Section 11 of the Incident Report. Eichenlaub concluded that the "DHO accurately and adequately explained to you in Section V of the DHO report the specific evidence relied on to find you committed the prohibited act. You do not provide, nor do we find, any evidence that the reporting officer was arbitrary, or capricious in the reporting of the incident. Therefore, your claim of retaliation is found without merit." [*Id.*]

Brookshire states that after the denial of his BP-10 appeal, he submitted a BP-11 appeal to the BOP's Central Office, to which he received no response. [Record No. 1, p. 7] Brookshire attached a September 23, 2013, Rejection Notice from the Central Office, advising him of two deficiencies with his appeal and giving him fifteen days to submit a corrected BP-11 appeal. [Record No. 1-1, p. 2] It is unclear from Brookshire's Petition whether he submitted a corrected BP-11 appeal.[2]

---

2   Assuming that Brookshire submitted a corrected BP-11 appeal and received no response to it, he could rightfully assume that the Central Office denied the appeal by operation of regulation. If an inmate does not receive a response within the time allotted, he may consider the absence of a response to be a denial at that level. *See* 28 C.F.R. § 542.18.

The only other information provided by Brookshire is located in the section of his Petition relating to the administrative remedies he has pursued and his arguments made on appeal. Brookshire asserts: "I did not possess homemade intoxicants. I was given no possible way to prove my innocence, & the said intoxicant wasn't even tested in front of me." [Record No. 1, p. 2, ¶ I(B)]

## II.

As stated above, Brookshire provides essentially no information supporting or explaining his challenge of his disciplinary conviction. He appears to assert the same arguments which he previously brought before the MARO (*i.e.*, that the DHO had insufficient evidence on which to base his decision; that he is innocent of the intoxicant possession charge; and that he was the victim of capricious and retaliatory behavior by the reporting officer). Brookshire mentions in his Petition that the intoxicant was not tested in his presence. [Record No. 1, p. 2, ¶ I(B)] Thus, it appears that he challenges the evidence handling and substance-testing procedures which prison officials used to support the disciplinary charge and which the DHO relied upon in convicting him.

Prisoners are entitled to due process during the prison disciplinary process as set forth in 28 C.F.R. § 541.8[3] and *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the United States Supreme Court explained that when a prison disciplinary hearing may result in the loss of good-time credits, due process requires that the inmate receive: (1) the right

---

3  Regarding the presentation of evidence, Title 28 C.F.R. § 541.8(f) states, in pertinent part: "[y]ou are entitled to make a statement and present documentary evidence to the DHO on your own behalf. The DHO will consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence."

to receive written notice of the charges at least twenty-four hours before the hearing; (2) a written statement by the fact finder as to the evidence relied upon and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. 418 U.S. at 564–70. Under this limited framework, the Court will not set aside Brookshire's disciplinary conviction.

As an initial matter, Brookshire alleges no facts indicating that prison officials failed to comply with the notice requirements set forth in *Wolff*. The limited documents which Brookshire has submitted substantiate that all of the procedural notice requirements were satisfied.

Next, Brookshire's attack on the DHO's findings and conclusions lacks merit. A finding of guilt in a disciplinary proceeding need only be "'supported by some evidence in the record.'" *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). This is a lenient standard, requiring only "a modicum of evidence," and is met if the record contains any evidence that could support the DHO's decision. *Hill*, 472 U.S. at 455–56; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "some evidence" standard requires only that the disciplinary decision is not arbitrary and has some evidentiary support. *Id*. at 457. A district court's role is not to re-try a prison disciplinary hearing, weigh the evidence, or independently assess witness credibility. *Hill*, 472 U.S. at 455. Federal courts will not review the accuracy of a disciplinary committee's finding of fact.

Here, in MARO's August 27, 2013 response, Eichenlaub explained that the DHO took into consideration the reporting staff member's depiction of the incident as set forth in Section 11 of the Incident Report. That Incident Report, standing alone, could support the DHO's finding that Brookshire was guilty of possessing an intoxicant in violation of PAC 113.

Further, as 28 C.F.R. § 541.8(f) and *Wolff* indicate, a DHO's decision to forfeit good-time credits need not comport with the requirement of proof beyond a reasonable doubt applied in criminal trials. Instead, the DHO need only base his or her decision on "some evidence." *Hill*, 472 U.S. at 455–56; *see also Kelley v. Warden, F.C.I. Elkton*, No. 4:13-CV-662, 2013 WL 4591921, at *5 (N. D. Ohio, Aug. 26, 2013) ("Although the evidence in this case might be characterized as limited, a DHO's finding does not rely on the same amount of evidence necessary to support a criminal conviction."). Brookshire's broadly construed arguments assert that something could have gone wrong either in the chain of custody or during the testing procedure. [Record No. 1] However, he alleges no facts suggesting that such errors actually occurred. Instead, he incorrectly contends that the disciplinary charge against him should have been proven beyond a reasonable doubt, as if he were a defendant in a criminal proceeding. In short, Brookshire's argument simply does not apply to prison disciplinary proceedings. *See Hill*, 472 U.S. at 457.

Brookshire also contends that the DHO erred by rejecting another version (or versions) of the events. However, a DHO need not accept what the inmate perceives to be the most convincing or persuasive set of facts. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (affirming the DHO's determination that the greater weight of the

evidence supported the decision to find the petitioner guilty of "tampering with a security device," even where the facts were in dispute); *Johnson v. Patton*, No. 06-CV-19-HRW, 2006 WL 950187, at *5 (E.D. Ky. Apr. 12, 2006) ("While these facts are not one hundred percent conclusive of whether the petitioner violated Code 108, they are adequate facts upon which to base a prison disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding the petitioner guilty of violating Code No. 108.").

Additionally, Brookshire cannot prevail on any construed claim that the testing process used by prison officials was unreliable or inadequate. A positive drug test is "some evidence" that the tested substance was an illegal narcotic. The accuracy of the test or whether a second test is required are matters for the hearing officer to consider, not the Court. *See Hill*, 472 U.S. at 455–56 (holding that the "some evidence" standard does not require the Court to weigh evidence). In the context of this case, due process requires only that prison official's decision is not "arbitrary" and has "some basis in fact." *Id*.

To the extent that Brookshire asserts that the BOP ignored its own procedures and policies by failing to conduct a follow up test or fully investigate the chain of custody of the substance, he states no grounds entitling him to relief. The requirements of procedural due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Thus, the BOP's alleged failure to adhere to its own policies or guidelines does not state a due process claim. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004).

Additionally, Brookshire seeks unspecified money damages resulting from the disciplinary conviction. But, as described above, his disciplinary conviction comported with due process and he is not entitled to the requested relief. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established the "favorable termination rule." Under that rule, any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff," is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's prior invalidation. *Id.* at 487. The rule promotes finality and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484–85.

The Court later extended the "favorable termination rule" to a prison disciplinary hearing resulting in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (finding that the underlying procedural challenges, due to their particular nature, necessarily imply the invalidity of the imposed punishment). Here, because the Court has determined that Brookshire has not alleged facts warranting relief from his disciplinary conviction, he has not obtained a "favorable termination" of either his disciplinary conviction or the resulting sanctions. Thus, Brookshire cannot recover money damages based on his disciplinary conviction.

Finally, to extent Brookshire seeks damages based on the income lost from his prison employment, he again alleges no basis for relief. The loss of a prison job does not constitute a deprivation of a liberty interest. *Sandin*, 515 U.S. at 484. It is well-settled

that a prisoner has no constitutionally protected liberty interest in prison employment or a particular prison job. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

### III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Petitioner Jovan Brookshire's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order

This 13th day of August, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge